NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> LUIS ANTONIO MORALES-HERNANDEZ, AKA Luis Morales, AKA Luis Antonio Morales-Hernandez, AKA Luis Morales, AKA Luis Morales-Hernandez, <br><br> Defendant - Appellant. | No. 24-2156 <br><br> D.C. No. <br> 4:23-cr-00555-RCC-BGM-1 <br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> LUIS ANTONIO MORALES-HERNANDEZ, AKA Luis Morales, AKA Luis Antonio Morales-Hernandez, AKA Luis Morales, AKA Luis Morales-Hernandez, <br><br> Defendant - Appellant. | No. 24-2387 <br><br> D.C. No. <br> 4:18-cr-01457-RCC-BGM-1 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted April 22, 2025[**]

Before:      GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

In these consolidated appeals, Luis Antonio Morales-Hernandez appeals from the district court's judgments and challenges the 75-month sentence imposed following his guilty-plea conviction for reentry of a removed alien in violation of 8 U.S.C. § 1326.[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

Morales-Hernandez contends that the district court erred by failing to (1) address the Guidelines calculation meaningfully, (2) consider his mitigating arguments, and (3) tie the sentence to the 18 U.S.C. § 3553(a) factors. Because Morales-Hernandez did not raise these claims below, we review for plain error. *See United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013).

The district court did not plainly err. The record shows that the court correctly calculated the Guidelines range and considered Morales-Hernandez's

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Although Morales-Hernandez also appealed from the judgment revoking supervised release, he waived any challenge to the revocation and 5-month consecutive sentence in his opening brief.

mitigating arguments, agreeing that a within-Guidelines sentence would be overly harsh. However, in light of Morales-Hernandez's prompt return to the United States following release from a 60-month sentence on a prior reentry conviction, the court determined that an increase to 75 months was warranted. This explanation reflects consideration of the § 3553(a) factors and is sufficient to permit meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Moreover, Morales-Hernandez has not shown a reasonable probability that the court would have imposed a lower sentence absent the alleged errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

As the parties agree, the district court erred by failing to pronounce orally the discretionary conditions of supervised release. Thus, we vacate the standard and special supervised release conditions included in the written judgment, and remand for the limited purpose of permitting the court to pronounce orally any conditions it wishes to reimpose and giving Morales-Hernandez an opportunity to object. *See United States v. Montoya*, 82 F.4th 640, 656 (9th Cir. 2023) (en banc).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**Appeal No. 24-2156: AFFIRMED in part, VACATED in part, and REMANDED.**

**Appeal No. 24-2387: AFFIRMED.**